# NATHANIEL N. WINSLOW

## V

## CITY OF BLOOMINGTON.

*Municipal Corporations—Nuisances—Ordinance—Soap Factory—Fine—Instruction—Conflict of Evidence—Question for Jury—Trial—Discretion.*

1. Where the evidence is conflicting and the jury do not appear to have been influenced by prejudice or passion, the court will not interfere with the verdict.

2. In an action under a city ordinance to have a fine imposed on the defendant for conducting a soap factory and tallow chandlery in such a manner as to be foul and offensive, it is proper to instruct the jury that the defendant has no right to carry on such a business in a populous city

unless it can be done without emitting offensive and noxious odors so as to be detrimental and offensive to the people of its locality.

3. A trial court may, in its discretion, require a case to be closed within a particular time.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. WILLIAM E. HUGHES and KERRICK, LUCAS & SPENCER, for appellant.

Mr. W. E. GAPEN for appellee.

CONGER, J. This was a suit originally brought before a Justice of the Peace, by the city against appellant for an alleged violation of the following ordinance of the City of Bloomington.

"Sec. 16. Whoever shall hereafter erect within said city, any soap factory, tallow chandlery, tannery, distillery or brewery, without permission of the City Council, or whoever, with such permission, shall conduct any establishment of the character aforesaid in such manner that the same shall become foul or offensive, or shall emit or give out bad, offensive or unwholesome smells or odors to the annoyance or detriment of any community, family or person, shall be deemed guilty of a nuisance, and on conviction shall be fined not less than twenty-five dollars nor more than one hundred dollars."

The information on which suit was brought states "that at said city, on or about the 17th day of August, 1885, one Nathaniel N. Winslow did conduct an establishment of the character of a soap factory and tallow chandlery in such a manner that the same was foul and offensive and emitted and gave out bad, offensive and unwholesome smells and odors, to the annoyance and detriment of the community of Albert Street and of divers families and persons in the fourth ward in said City of Bloomington, contrary to the ordinances of said city in such case made and provided."

The case was appealed to the Circuit Court, when, upon a trial, appellant was fined $25, and he brings the case to this court and asks a reversal upon two grounds: First, that the verdict of the jury was contrary to the evidence; and secondly, the court erred in giving the first of appellee's instructions.

The evidence is very voluminous and it would subserve no useful purpose to enter into a discussion of it.

A large number of witnesses testify to offensive and unwholesome smells and odors proceeding, as they think, from appellant's factory, while on the other hand a still larger number upon the part of appellant reach a different conclusion, some thinking the bad odors noticed in the neighborhood proceeded from other sources, and others again testifying that appellant's factory was kept as clean as a place of that kind could be.

The question was fairly submitted to the jury, and it was their province to determine whether appellant's factory was conducted in such manner as violated the provisions of the ordinance. We see no evidence of prejudice or passion upon their part, so far as the record discloses, and we do not feel justified in interfering to disturb their finding.

Complaint is made of appellee's first instruction, which is as follows:

" 1. If the business of a soap factory and tallow chandlery can not be carried on without emitting offensive and noxious odors, so as to be detrimental and offensive to the people of that portion of the city where located, then the owner of such factory has no right to carry on such business in a populous city, and it is no defense to say it was conducted as well as it could be.

A number of witnesses were examined by appellant to show that the premises were kept clean and the business properly conducted, one witness stating, "It (appellant's factory) is kept as clean as a place of that kind can be."

The jury, without knowing the rules of law governing such a business, might conclude that if appellant used reasonable diligence in keeping his premises as clean as a soap factory and tallow chandlery could be kept, that he would not be

answerable for offensive smells emitted from his factory under such circumstances, and we see no objection to the court instructing them as to the law upon that point.

The objections made to this action of the court in requiring the case to be closed within a particular time are not well taken, as we think the court did not abuse the discretionary power vested in it, but acted fairly and with a due regard for the rights of all parties to the cause. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*